MILTON MAYER v. KATHERINE G. ROCHE, IMPLEADED, &c., WITH WILLIAM ROCHE DRY BATTERY COMPANY AND WILLIAM ROCHE.

Argued February 20, 1908—Decided March 11, 1908.

A copy of a promissory note annexed but not referred to in a declaration consisting of the common counts is no part of such pleading, hence a special plea referring to such note does not answer the declaration and is bad in substance, and on demurrer to a replication to such plea the plaintiff will be entitled to judgment.

On demurrer to replication.

Before Justices REED, PARKER and VOORHEES.

For the plaintiff, *Tennant & Haight.*

For the defendant, Katherine G. Roche, *David W. McCrea* (*Robert L. Lawrence,* of counsel).

The opinion of the court was delivered by

VOORHEES, J. This is a demurrer to a replication. The plaintiff sued the defendant, Katherine G. Roche, to recover upon a promissory note. The declaration is the common counts with a copy of the note annexed as a bill of particulars. To this declaration the defendant filed a plea of general issue, and a special plea *actio non,* because "she says that at the time the promissory note referred to in the declaration of the plaintiff was signed by this defendant she was and is now a married woman," &c.

The note is not referred to in the declaration and hence is no part of the pleading. *Metzger* v. *Credit System Co.,* 30 *Vroom* 340; *Shelmerdine* v. *Lippincott,* 40 *Id.* 82.

The special plea above mentioned is therefore inapplicable to, and does not answer the allegations of, the declaration, and is consequently bad in substance. Therefore, under the familiar rule that judgment upon demurrer must go against the party whose pleading is first substantially defective (*Brehen* v. *O'Donnell,* 5 *Vroom* 408), the plaintiff is entitled to judgment.

A *venire* will be awarded for the trial of the issue raised by the plea of general issue.